**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYNERGETICS USA, INC., : | |
| : | **08-CV-3669** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ALCON LABORATORIES, INC. and : | |
| ALCON, INC. : | |
| : | |
| Defendants. : | |

**DEFENDANTS' ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**
<u>TO PLAINTIFF'S COMPLAINT</u>

Defendants Alcon Laboratories, Inc. ("ALI") and Alcon, Inc. (collectively, "Alcon"), by and through their undersigned counsel, hereby respond to the Complaint of Plaintiff Synergetics USA, Inc. ("Synergetics") and assert affirmative defenses and counterclaims as follows:

1.      It is admitted only that plaintiff has filed this action, the allegations of which speak for themselves.  It is specifically denied that the complaint has any merit.

2.      It is admitted only that ALI sells a "vitrectomy machine" called the Accurus® Surgical System.  All other allegations in this paragraph are denied.

3.      It is admitted that some vitreoretinal surgery is as described in this paragraph.  It is admitted that the cassette sold by Alcon for use in the Accurus® Surgical System is patented and proprietary to ALI.  All other allegations in this paragraph are denied.

4.      It admitted that a retinal surgeon may use a variety of instruments during vitreoretinal surgery.  It is admitted that vitreoretinal surgery typically involves irrigation, aspiration and illumination and that one or more of these tasks can be provided by a VIT machine.  All other allegations in this paragraph are denied

5.      It is admitted only that surgeons in the United States generally utilize disposable items during vitreoretinal surgery; and that ALI sells a number of disposable items in packs, including but not limited to the Total Plus® Surgical Pack and Custom Pak® Surgical procedure packs.  All other allegations in this paragraph are denied.

6.      Admitted.

7.      It is admitted only that a Total Plus® Surgical Pack contains a light pipe. All other allegations in this paragraph are denied.

8.      Denied.

9.      It is admitted only that Synergetics released the PHOTON light source. After reasonable investigation, Alcon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

10.      It is admitted only that ALI sells and markets the Xenon illuminator, and that Synergetics sells and markets the PHOTON.  All other allegations in this paragraph are denied.

11.      It is admitted only that Synergetics manufactures and sells light pipes for use with the PHOTON machine.  All other allegations in this paragraph are denied.

12.      Alcon denies the allegation that it requires the purchase of light pipes with cassettes.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegation that surgeons have asked for Total Plus packs excluding

ALI's light pipes and they are therefore denied.  All other allegations in this paragraph are denied.

     13.    Denied.  ALI does not require the use of its light source in vitreoretinal surgeries using Alcon's VIT machine.

     14.    Denied.

     15.    Denied.

     16.    Denied.

     17.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations of fact, all such allegations are denied.

     18.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations of fact, all such allegations are denied.

     19.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations of fact, all such allegations are denied.

     20.    It is admitted that plaintiff Synergetics USA, Inc. is a Delaware corporation with its principal place of business at 3845 Corporate Centre Drive, O'Fallon, MO 63368.

     21.    Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

22.    It is admitted that ALI is a Delaware corporation with its principal place of business at 6201 South Freeway, Forth Worth, TX 76134-2099.

23.    It is admitted that ALI is the U.S. subsidiary of defendant Alcon, Inc., a Swiss company with its headquarters in Hunenberg, Switzerland, and that plaintiffs have accurately quoted a portion of the website, taken out of context.  All other allegations in this paragraph are denied.

24.    It is admitted only that ALI maintains offices in 75 countries; that its U.S. offices are located in Texas, California, West Virginia, and Pennsylvania; and that it sells its "VIT" machines, its Xenon light source, its light pipes and other instruments and accessories throughout the United States, including in the state of New York.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of fact, all other allegations in this paragraph are denied.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

29.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

30.    It is admitted only that a disposable cassette is a necessary part of each vitreoretinal surgical procedure; that good practice suggests that a new cassette is used for each surgery; and that ALI has one or more valid patents on the cassette used with the Accurus® system.  The remaining allegations of this paragraph consist of conclusions of law to which no response is required; to the extent they contain allegations or conclusions of law or fact, all such allegations are denied.

31.    It is admitted only that the Accurus® system requires the use of a cassette currently manufactured by ALI.  The remaining allegations of this paragraph consist of conclusions of law to which no response is required; to the extent they contain allegations or conclusions of law or fact, all such allegations are denied.

32.    The first sentence consists of conclusions of law to which no response is required; to the extent they contain allegations of or conclusions of law or fact.  It is admitted that for some kinds of VIT surgery, a stand-alone light source may be useful and that light sources other than those designed for use in the eye are generally inadequate. All other allegations in this paragraph are denied.

33.    The first sentence consists of conclusions of law to which no response is required; to the extent they contain allegations of or conclusions of law or fact.  It is admitted only that specialized instruments designed for vitreoretinal surgery and for use with a VIT machine and/or a stand-alone light source should be used in such procedures. All other allegations in this paragraph are denied.

34.    It is admitted only that Synergetics and ALI compete in many countries outside the U.S., including Japan.  All other allegations in this paragraph are denied.

35.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

36.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

37.     It is admitted only that ALI's website states in part that "Alcon is the worldwide leader in ophthalmic surgical products, ranging from cataract and refractive surgery and intraocular lenses to surgeries requiring vitreoretinal systems, sutures, needles and knives," and that "[m]ore eye care professionals rely on our ocular surgical products than any other company in the world."  The remaining characteristics of Alcon's business are denied.

38.     It is admitted only that ALI sells the Accurus® system.  All other allegations in this paragraph are denied.

39.     It is admitted that a cassette is necessary for each VIT surgery involving the Accurus®.  It is admitted that ALI is the sole supplier of the cassette for the Accurus®. All other allegations in this paragraph are denied.

40.     It is admitted only that a surgeon may use another manufacturer's stand-alone light source in conjunction with the Accurus® system.  All other allegations in this paragraph are denied.

41.     It is admitted only that stand-alone lasers may be used with different VIT machines and that Accurus® owners are free to select and use a laser not manufactured by ALI.  All other allegations in this paragraph are denied.

42.     It is admitted only that certain instruments and accessories, including light pipes, may be used in surgery in conjunction with the Accurus® system.  All other allegations in this paragraph are denied.

43.     It is admitted only that a light pipe can deliver light from a light source into the eye; that it is important for surgeons to use the correct light pipe for any particular light source; and that a light pipe delivers light from the light source into the eye.  All other allegations in this paragraph are denied.

44.     Denied.

45.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

46.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

47.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph.

48.     Denied.

49.     It is admitted only that ALI has refined its Xenon light source to improve its performance characteristics.  All other allegations of this paragraph are denied.

50.     Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

51.     Denied.

52.    Denied.

53.    Denied.

54.    Denied.  It is admitted only that ALI maintains two Retina Advisory Councils.  All other allegations in this paragraph are denied.

55.    It is admitted only that ALI employs a rebate program.  All other allegations in this paragraph, including without limitation those relating to allegations that ALI employed the rebate program to remind potential Synergetics' customers that purchasing Synergetics products could increase the net price that customers pay for ALI's unrelated products, are denied.

56.    Denied.

57.    Denied.

58.    Denied.  After reasonable investigation, Alcon is without sufficient information to admit or deny the allegations in this paragraph and they are therefore denied.

59.    It is admitted only that in 2006, ALI hired Phil Biancalana, who formerly was employed as Synergetics' National Sales Manager.  All other allegations in this paragraph are denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.  It is denied that ALI requires purchasers of cassettes to also purchase light pipes.

64.    Denied.  It is denied that ALI requires purchasers of cassettes to also purchase light pipes.

65.    It is admitted only that ALI's Total Plus Pak® lists for approximately $400 dollars.  All other allegations in this paragraph are denied.

66.    ALI admits only that Alcon's light pipes are sold separate and apart from its disposable cassette; and that surgeons are free to choose which light pipe and which stand-alone light source to use.  After reasonable investigation, Alcon is without sufficient information to admit or deny the price at which Synergetics sells its light pipe. All other allegations in this paragraph are therefore denied.

67.    Denied.  It is denied that ALI requires purchasers of cassettes to also purchase light pipes. This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

68.    Denied.  By way of further answer, ALI admits that it sells AccuPak® surgical packs which contain a cassette but no light pipe in the United States and other countries.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT I

79. Alcon reasserts its responses to paragraphs 1-78.

80. Denied. This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

81. Denied. This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

82. Denied.

83. Denied.

84. Denied. This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

85. Denied. This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

86. Denied. This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

87.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

88.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

89.     Denied.

90.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

91.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

92.     Denied.

93.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count I, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## **Count II**

94.     Alcon reasserts its responses to paragraphs 1-78.

95.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

96.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

97.    Denied.

98.    Denied.

99.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

100.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

101.    Denied.

102.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

103.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

104.    Denied.

105.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

106.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

107.    Denied.

108.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count II, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## Count III

109.    Alcon reasserts its responses to paragraphs 1-78.

110.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

111.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of fact, all such allegations are denied.

112.    Denied.

113.    Denied.

114.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

115.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

116.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

117.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

118.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

119.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

120.    Denied.

121.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

122.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

123.    Denied.

124.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count III, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## **Count IV**

125.    Alcon reasserts its responses to paragraphs 1-78.

126.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

127.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

128.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

129.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

130.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

131.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

132.    Denied.

133.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count IV, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

<u>**Count V**</u>

134.    Alcon reasserts its responses to paragraphs 1-78.

135.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

136.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

137.    Denied.

138.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

139.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

140.    Denied.

141.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count V, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## Count VI

142.    Alcon reasserts its responses to paragraphs 1-78.

143.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

144.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

145.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

146.    Denied.

147.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

148.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

149.    Denied.

150.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count VI, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## <u>Count VII</u>

151.    Alcon reasserts its responses to paragraphs 1-78.

152.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

153.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

154.    Denied.

155.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

156.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

157.    Denied.

158.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count VII, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## **Count VIII**

159.    Alcon reasserts its responses to paragraphs 1-78.

160.    Denied.

161.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

162.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

163.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

164.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

165.     Denied.

166.     Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count VIII, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## Count IX

167.     Alcon reasserts its responses to paragraphs 1-78.

168.     Denied.

169.     Denied.

170.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

171.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

172.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

173.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

174.    Denied.

175.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count IX, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

### Count X

176.    Alcon reasserts its responses to paragraphs 1-78.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

181.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count X, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## Count XI

182.    Alcon reasserts its responses to paragraphs 1-78.

183.    Admitted.

184.    Admitted.

185.    Admitted.

186.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

187.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

188.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

189.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

190.    Denied.

191.    Denied.  This paragraph consists of conclusions of law to which no response is required.  To the extent that this paragraph contains allegations or conclusions of law or fact, all such allegations are denied.

WHEREFORE, Alcon requests that the Court enter judgment in its favor and against Synergetics on Count XI, award Alcon its fees and costs of defense of this action, and award such other and further relief as is proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based on the applicable statue of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks antitrust standing.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by fraud and/or illegality on the part of Plaintiff and/or its representatives.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered antitrust injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants' alleged conduct caused no injury to competition.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of the application of the patent laws.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Alcon's conduct is not the proximate cause of any harm allegedly suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's own actions and/or the actions of third parties are the proximate cause of the loss at issue.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged damages sought are too speculative and uncertain.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any and all damage claimed by Plaintiff was caused by their failure to mitigate such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's claims are brought in an inconvenient forum.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint with prejudice and enter judgment in their favor, together with the costs of this action and such other relief as the Court may deem appropriate.

## COUNTERCLAIM

For its counterclaim against Synergetics, Alcon alleges as follows:

1.    Alcon is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2.      Upon information and belief, Synergetics is a Delaware limited liability company with its principal place of business in O'Fallon, Missouri.

## JURISDICTION

3.      The amount in controversy between Alcon and Synergetics with respect to this counterclaim exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

## MISAPPROPRIATION OF TRADE SECRETS

5.      As a result the instant lawsuit, Alcon discovered the existence of litigation involving Synergetics and certain of its former employees, in which former Synergetics employees testified about the theft by Synergetics' representatives of confidential and proprietary information belonging to a company called Infinitech, which has since been acquired and merged into Alcon.

6.      Synergetics' Chief Executive Officer is Gregg Scheller ("Scheller"). When he was employed by Infinitech, Scheller stole confidential information and trade secrets owned by Infinitech, including confidential and proprietary product drawings owned by Infinitech including but not limited to product drawings.

7.      Synergetics, with Scheller as a principal, improperly began using Infinitech's confidential information and trade secrets to create various Synergetics products, including but not limited to light pipes.

8.      Synergetics has used Infinitech's confidential and proprietary information, including confidential and proprietary product drawings, knowing that it had obtained

that confidential and proprietary information through improper means by one of Synergetics' officers, Scheller.

9.      Synergetics used Infinitech's confidential and proprietary information without Infinitech's knowledge or consent.

10.      The Infinitech information taken by Scheller and improperly used by Synergetics had independent economic value and was not generally known to others or readily ascertainable by others through proper means.

11.      Alcon acquired Infinitech and it was subsequently merged into Alcon in 1998.

12.      Infinitech and Alcon have taken reasonable efforts to maintain the secrecy of their confidential information and trade secrets.

13.      Synergetics' conduct constitutes misappropriation of trade secrets. Synergetics' improper use of the confidential information and trade secrets has caused injury to Infinitech and Alcon.

14.      Synergetics' continued use of the confidential information has caused and will continue to cause Alcon irreparable injury.

WHEREFORE, Alcon respectfully requests that the Court enter judgment in its favor and against Synergetics on its Counterclaim, award it compensatory and punitive damages, enjoin Synergetics from selling any or all products that incorporate the confidential information, award Alcon its fees and costs in this action, and award Alcon such other and further relief as the Court may deem appropriate.

## UNFAIR COMPETITION

15.    Alcon incorporates by reference as fully set forth herein the allegations of paragraphs 1-14 of the counterclaim.

16.    Infinitech possessed certain confidential information and trade secrets, including but not limited to product drawings.

17.    Scheller stole the confidential information and trade secrets from Infinitech while in a position of trust and confidence at Infinitech, and provided this confidential information and trade secrets to the company of which he is a principal, Synergetics.

18.    Synergetics used the confidential information and trade secrets in designing, manufacturing and selling its products

19.    Synergetics' conduct constitutes unfair competition.

20.    Infinitech and Alcon have been harmed by Synergetics' unfair competition.

WHEREFORE, Alcon respectfully requests that the Court enter judgment in its favor and against Synergetics on its Counterclaim, award it compensatory and punitive damages, enjoin Synergetics from selling any or all products that incorporate the confidential information, award Alcon its fees and costs in this action, and award Alcon such other and further relief as the Court may deem appropriate.


## JURY DEMAND

Alcon demands a trial by jury on all issues so triable with respect to the allegations of the complaint, as well as the counterclaim.

MORGAN, LEWIS & BOCKIUS LLP

/s/ Harry T. Robins_____

Harry T. Robins
101 Park. Avenue
New York, N.Y. 10178-0060
(212) 309-0060

Attorneys for Defendants

Dated:  June 23, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2008, the foregoing

Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint was served

electronically and via first-class mail to:

> Paul J. Hanly, Jr., Esquire
> Andrea Bierstein, Esquire
> HANLY CONROY BIERSTEIN SHERIDAN FISHER &
> HAYES LLP
> 112 Madison Ave., 7th Floor
> New York, New York
> Attorney for Plaintiff
> Tel:    212.784.6401
> Fax:    212.213.5949
> phanly@hanlyconroy.com
> abierstein@hanlyconroy.com
>
> *Counsel for Plaintiffs*

> /s/  Harry T. Robins_____
> Harry T. Robins