USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
SYNERGETICS USA, INC.,                     :
                          Plaintiff,       :
                                           :
               -v-                         :    08 CIV. 3669 (DLC)
                                           :
ALCON LABORATORIES, INC. and ALCON,        :    ORDER
INC.,                                      :
                                           :
                          Defendants.      :
------------------------------------------X

DENISE COTE, District Judge:

    Defendants Alcon Laboratories, Inc. and Alcon, Inc. (collectively, "Alcon") move for the return of documents they inadvertently produced to Synergetics USA, Inc.'s ("Synergetics") in the course of discovery in this case. For the following reasons, the motion is granted in part.

    To determine which documents to disclose in discovery, Alcon established two layers of privilege review by attorneys. On December 19, 2008, Alcon produced 3,696 pages of documents to Synergetics, including thirty-five pages of documents that Alcon now claims are privileged and were inadvertently produced ("Documents"). The Documents involve communications between Alcon personnel and Alcon attorneys or their assistants regarding Alcon's trademark applications for one of Alcon's

products known as the Accupak.[1]  Alcon learned about the disclosure of some of these Documents at the April 3, 2009 mediation before Magistrate Judge Francis.  On April 8, the third business day after the mediation, Alcon sent a letter to Synergetics requesting the return of the Documents because they were privileged and had been inadvertently produced.  Synergetics refused.  On May 1, 2009, Alcon filed a motion for return of the inadvertently produced documents.  This motion became fully submitted May 22.

Alcon claims that all of the Documents are privileged.  Synergetics has contested the privileged status of the correspondence between Bob Zatarain, whom Alcon identifies as a "manager in Alcon's vitreoretinal group," and Kathie Schoepf, whom Alcon identifies as "an Alcon trademark professional" and, therefore, an employee in Alcon's Trademark Department, which is itself supervised by Alcon's legal department ("Zatarain Emails").[2]  The Zatarain Emails concern what products should be listed as the contents of the Accupak in Alcon's trademark renewal application.

---

[1] The Documents are Bates stamped ALI 2920, 2935, 2938-39, 2933, 2936-37, 2951-58, 3006, 3008, 3015-17, 3027-29, 3070-72, 3084-86, 3117-19, and 3130-32.

[2] The Zatarain Emails are Bates stamped ALI 2920, 2935, and 2938-39.

Alcon has failed to carry its burden of showing that the Zatarain Emails were sent for the purpose of obtaining legal advice from an attorney.  Alcon has not shown that Schoepf, who is not herself a lawyer, was acting on the advice of or under the supervision of a lawyer in connection with these specific communications.  There is thus no showing that these communications involved the "interpretation and application of legal principles" or "rely on legal education and experience to inform judgment."  In re the Courty of Erie, 473 F.3d 413, 419 (2d Cir. 2007); see also von Bulow v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1987) (citation omitted).

Synergetics does not contest that the remaining Documents are privileged.  Because Alcon has shown that the Documents were in fact inadvertently produced, these remaining Documents must be returned to Alcon.  Alcon established a multi-layered review process for the production of documents, it requested the return of documents promptly after it discovered the inadvertent production, the documents at issue constitute less than one percent of the total pages Alcon produced that day, and overarching considerations of fairness would not be offended by restoring immunity to these documents.  All of these factors weigh in favor of finding the production of the Documents to be inadvertent.  LaSalle Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc., 2007 WL 2324292, *4 (S.D.N.Y. 2007); In re

3

Natural Gas Commodity Litigation, 229 F.R.D. 82, 86 (S.D.N.Y. 2005) (collecting cases). See also Fed. R. Evid. 502; Fed. R. Civ. P. 26(b)(5)(B). Accordingly, it is hereby

ORDERED that Alcon's April May 1, 2009 motion for return of the inadvertently produced documents is denied with respect to the Zatarain Emails, and is granted with respect to the remaining Documents.

SO ORDERED:

Dated:   New York, New York
         July 9, 2009

                                    /s/ Denise Cote
                                    _____
                                    DENISE COTE
                                    United States District Judge

4