```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SYNERGETICS USA, INC.,                  :
                    Plaintiff,          :
                                        :
              -v-                       :   08 CIV. 3669 (DLC)
                                        :
ALCON LABORATORIES, INC. and ALCON,     :   OPINION & ORDER
INC.,                                   :
                                        :
                    Defendants.         :
----------------------------------------X
```

Appearances:

For Plaintiff:
Andrea Bierstein
Paul J. Hanly, Jr.
Hanly, Conroy, Bierstein, Sheridan, Fisher & Hayes LLP
112 Madison Ave., 7th Floor
New York, NY 10016

Derek Y. Brandt
Emily J. Kirk
SimmonsCooper LLC
707 Berkshire Blvd.
East Alton, IL 62024

For Defendants:
J. Gordon Cooney, Jr.
Morgan, Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103

Harry T. Robins
Morgan, Lewis & Bockius
101 Park Ave.
New York, NY 10178

DENISE COTE, District Judge:

     The question presented through this motion for summary judgment is whether a party may assert its trade secret

misappropriation claim under New York's continuing tort doctrine where it knew before the expiration of the limitations period that its trade secret had been stolen and that its competitor had been using the trade secret to develop and market products that compete with its products.  In this case, it may not.

BACKGROUND

Much of the relevant background is provided in this Court's Opinion and Order of February 23, 2009, Synergetics USA, Inc. v. Alcon Laboratories, Inc., 2009 WL 435299 (S.D.N.Y. Feb. 23, 2009), familiarity with which will be assumed.  Only the facts necessary to a resolution of the pending motion are described here.  The undisputed facts of record, or, where disputed, taken in the light most favorable to defendants Alcon Laboratories, Inc. and Alcon, Inc. (collectively, "Alcon"), establish the following.

Both Alcon and plaintiff Synergetics USA, Inc. ("Synergetics") manufacture, market and sell instruments and accessories used in vitreoretinal surgery, which is surgery on the inside of the eye.  Synergetics has sued Alcon for antitrust violations, alleging illegal tying and predatory pricing.

In response, Alcon has now alleged that sixteen years ago Synergetics misappropriated its trade secrets.  Alcon asserts that in 1992, Greg Scheller ("Scheller") one of the founders of

2

Synergetics, "stole" product drawings from Alcon's predecessor, Infinitech, which was located in Missouri.  Scheller was an Infinitech employee and copied Inifinitech product drawings as he left the company to found Synergetics.  Infinitech's Director of Manufacturing Rick McBride ("McBride") witnessed the theft and immediately told Steve Collins ("Collins"), an owner of Infinitech.

Alcon acquired Infinitech in 1998.[1]  Alcon admits that in 1999 it had knowledge of similarities between its products and Synergetics's products.  That same year, it created a "Product Equivalence Guide," which lists multiple Synergetics products with their Alcon equivalents.  Alcon's counterclaim asserts that Synergetics used the information that Scheller stole to create products that compete with Alcon.  In 2002, Alcon executive Paul Hallen ("Hallen") brought to the attention of Alcon's attorneys that a Synergetics "device seemed to be violating our intellectual property."

Synergetics filed this action on April 16, 2008, and Alcon filed its counterclaim as Infinitech's successor-in-interest based on this 1992 theft on June 23, 2008.  After the parties conducted discovery related to the counterclaim, Synergetics

---

[1] Alcon asserts in its statement of undisputed facts that it acquired Infinitech in 1992.  Both the source it cites for this assertion, the deposition of Alcon executive Paul Hallen, and Alcon's counterclaim however, claim that the date is actually 1998.  It is therefore assumed that 1998 is the proper date.

3

moved on February 13, 2009 for summary judgment on the counterclaim on the ground that it is time-barred; this motion was fully submitted on May 12.  For the reasons below, Synergetics's motion is granted; and Alcon's April 24 motion for partial summary judgment on the counterclaim[2] is denied.

DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings.  Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169.

---

[2] Alcon requests an order that the statute of limitations does not bar Alcon's counterclaim.

This Court is exercising its supplemental jurisdiction over Alcon's state law claims pursuant to 28 U.S.C. § 1367.  A federal court considering state law claims under supplemental jurisdiction applies the choice of law principles of the state in which the court sits.  N. Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999).  New York applies a "borrowing statute," N.Y. C.P.L.R. Section 202, for actions filed by a non-resident.  Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002).  In such actions, New York applies the shorter of the statute of limitations between New York and the place where the cause of action accrued.

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.  Since the theft occurred in Missouri, the claim must be timely under both New York and Missouri statutes of limitation.

Under New York law, a misappropriation of trade secret claim must be brought within three years of its accrual.  N.Y. C.P.L.R. § 214; Andrew Greenberg, Inc. v. Svane, Inc., 36 A.D.3d 1094, 830 N.Y.S.2d 358 (3d Dept. 2007).  "New York follows the traditional definition of accrual -- a cause of action accrues at the time and in the place of the injury."  Cantor Fitzgerald,

5

313 F.3d at 710 (citing Global Fin. Corp. v. Triarc Corp., 715 N.E.2d 482, 485 (N.Y. 1999)). "Misappropriation first accrues either when defendant discloses the trade secret or when he first makes use of plaintiff's ideas." Galet v. Carolace Embroidery Products Co., Inc., 1994 WL 542275 at *4 (S.D.N.Y. 1994) (citation omitted). The date of accrual may be extended under the continuing tort doctrine where the "defendant has kept a secret confidential but continued to use it for commercial advantage." Svane, 36 A.D.3d at 1098. Where, however, the defendant "discloses the secrets revealed to him, there can be no continuing tort of unlawful use." Lemelson v. Carolina Enterprises, Inc., 541 F.Supp. 645, 659 (S.D.N.Y. 1982) (citing Sachs v. Cluett Peabody & Co., 39 N.Y.S.2d 853, 857 (1st Dept. 1941). Thus, where the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply. M & T Chemicals, Inc. v. International Business Machines Corp., 403 F.Supp. 1145, 1150 (S.D.N.Y. 1975).[3]

Alcon does not dispute that its claims are beyond New York's statute of limitations and that it must therefore raise a

---

[3] Alcon relies on several decisions applying the continuing tort doctrine to causes of action other than the misappropriation theory at issue here. They are inapposite and do not suggest that the legal principles outlined in this Opinion should be reconsidered. Indeed, in its own description of the continuing tort doctrine, it acknowledges that the doctrine applies where the defendant has kept the secret confidential.

6

question of fact as to whether New York's continuing tort doctrine applies to its claim.  Alcon fails to do so.  Alcon does not offer evidence challenging McBride's testimony that he saw Scheller's theft and told Collins within days of that theft.  An Alcon document created in 1999 reflects its knowledge of the similarity between the products of the two competitors.  Finally, Alcon offers no evidence contradicting Hallen's testimony that he told Alcon's lawyers about Synergetics's purported violation of Alcon's intellectual property in 2002.  Having had knowledge of the theft and use of its trade secrets and having failed to act within the limitations period, Alcon can not now avail itself of the continuing tort doctrine.

Alcon principally argues that its misappropriation claim survives Synergetics's summary judgment motion because Alcon has not yet discovered facts related to additional alleged thefts of Infinitech's trade secrets by two individuals besides Scheller who also left Infinitech to join Synergetics.[4]  This argument

---

[4] Alcon resists summary judgment by arguing that Alan Beckman and Greg Blount, two former Infinitech employees who joined Synergetics, may also have misappropriated Infinitech's trade secrets.  These thefts occurred before Alcon acquired Infinitech in 1998, and add little basis to find that claims based on these alleged thefts are timely while the claims based on Scheller's theft are not.  Indeed, Alcon does not refer to either Beckman or Blount by name in its counterclaim, but describes Scheller's misconduct in detail.  Similarly, Alcon chose to take discovery regarding the Scheller misappropriation, but took no discovery of the alleged thefts by the other two Infinitech/Synergetics employees.

fails.  Rule 56(f), Fed. R. Civ. P., "sets forth a specific procedure by which a party lacking information necessary to oppose a summary judgment motion may seek further discovery." Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 573 (2d Cir. 2005) (per curiam).

> To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004).

Alcon has filed a 56(f) affidavit requesting further discovery on the timing of Synergetics's thefts and use of Alcon's trade secrets, the scope of the products that were misappropriated, and the individuals who were involved.  These discovery requests do not raise an issue of material fact, as Alcon alleges only that trade secrets were stolen from Infinitech, which was acquired by Alcon on or before 1998.  These alleged thefts therefore took place more than three years before Alcon filed its counterclaim.  Alcon has not claimed that secrets misappropriated in these alleged thefts were kept confidential and were not used until sometime within three years prior to the filing of its counterclaim.  Alcon's request for

additional discovery is therefore denied, and this motion is properly addressed to the counterclaim as filed.

It is worth observing that much of the information Alcon itemizes in its affidavit to defeat this summary judgment motion is irrelevant to the statute of limitations issue; much of the information it seeks addresses the scope of the damage inflicted upon it rather than the date upon which it knew or should have known that its trade secrets had been used to create competing products.  Since Alcon has failed to raise a question of material fact as to whether New York's continuing tort doctrine applies to its counterclaim, Synergetics is entitled to judgment that Alcon's counterclaim is untimely.

CONCLUSION

Synergetics's February 13, 2009 motion for summary judgment on the counterclaim is granted.  Alcon's April 24 motion for partial summary judgment on the counterclaim is denied.

SO ORDERED:

Dated:   New York, New York
         July 9, 2009

                                    _____
                                              DENISE COTE
                                    United States District Judge

9